IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-66<br>Judge Robert J. Colville |
| DENNIS ALAN RIGGS | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar, Assistant United States Attorney for said District, and respectfully files its Sentencing Memorandum:

**A. Introduction**

On January 23, 2020, a Criminal Complaint was filed against defendant charging him with Possession of a Firearm by a Convicted Felon in violation of in violation of Title 18, United States Code, Section 922(g)(1). After a detention hearing, the defendant was ordered detained pending trial. On March 10, 2020, a one-count Information was filed was filed against defendant also charging him with a violation Title 18, United States Code, Section 922(g)(1). On May 13, 2020 Defendant waived Indictment entered a plea of guilty to Count One of the Information.

The salient facts in this case are as follows. Defendant is a felon. In 1993, Riggs was charged by the Penn Hills Police Department with Aggravated Assault, a felony. Riggs' court documents for this case from the Allegheny County Court of Common Pleas revealed that on March 30, 1994, Riggs pleaded guilty and, on May 26, 1994, was sentenced for Aggravated Assault, Pennsylvania Crimes Code, Section 2702(a)(1) in the Court of Common Pleas of Allegheny County, Criminal Docket, CP-02-CR-0013919-1993.  Aggravated Assault is a felony

1

(F1) punishable by more than one year in prison, and Riggs' sentence was for a period of 11 and-a-half months to 23 months incarceration. PSIR ¶ 10.

The FBI investigation revealed that Karl Alexander, a 79-year-old retired attorney and West Virginia Social Security Administrative Law Judge living in Grove City, PA made a straw purchase of a Ruger AR556MPR AR-15 style rifle, serial number 855-61168 for Riggs on September 29, 2018 at Ace Sporting Goods located at 462 Washington Road, Route 19, Washington, Pennsylvania 15301. In making the purchase, Alexander expressly lied on the ATF Form 4473 and answered "Yes" to the question: "Are you the actual transferee/buyer of the firearm listed on this form?" PSIR ¶ 11.

In fact, both Riggs and Alexander have admitted that the purchase was made for Riggs and that Riggs was present at Ace Sporting Goods for the purchase, picked out the rifle, and paid Alexander for the firearm. Bank records associated to Riggs and Alexander also support the fact that Riggs paid Alexander for the rifle with a personal check to Alexander for $789.27, the exact amount of the firearm. PSIR ¶ 12.

On January 22, 2020, a search warrant was executed at Riggs' residence, 1540 Hatteras Street, Pittsburgh, Pennsylvania 15212. Riggs was present at the residence and agreed to speak to law enforcement agents. FBI agents recovered seven (7) firearms, to include the AR-15 rifle and the three handguns previously given to Alexander in 2005 by police. They also recovered over 1,000 rounds of ammunition. Riggs admitted that Alexander purchased the AR-15 for him and that he went with Alexander to Ace Sporting Goods to make the purchase. Riggs admitted that he knew he was a felon and could not purchase firearms. He admitted that he had been asking Alexander to purchase a firearm for him for approximately six to seven years prior but that Alexander had

refused because he was a federal judge and knew Riggs was a felon. He only agreed to make the purchase once he had retired as a judge. PSIR ¶ 13.

The Hatteras Street residence was festooned with Adolf Hitler and Nazi posters, photographs and memorabilia. Moreover, Riggs' phone, seized in execution of the warrant, had numerous images of swastikas, Hitler, Nazi pornography, Dylan Roof's contact information in prison and the Facebook Livestream video from the Christchurch, New Zealand mosque massacre. PSIR ¶ 14.

Alexander was interviewed by FBI agents at the same time as the search warrant was being executed at Riggs' residence. He admitted that he was in a relationship with Riggs since 1997 and that he knew that Riggs had previously been convicted of a felony. PSIR ¶ 15.

With regard to the purchase of the AR-15 on September 29, 2018, Alexander admitted that he purchased that assault rifle for Riggs. Alexander stated that he knew the purchase was "wrong" because Riggs was a felon. He recalled warning Riggs that the firearm purchase was a "bad idea", but he agreed to do it because of their personal relationship. PSIR ¶ 16.

ATF confirmed that the Ruger AR556MPR .223 Caliber AR-15 style rifle with serial number 855-61168 and the other six firearms (and ammunition) were not manufactured in the Commonwealth of Pennsylvania and, at some point after manufacture, these firearms and ammunition traveled in interstate commerce to the Commonwealth of Pennsylvania. PSIR ¶ 17.

Sentencing is set for November 18, 2020 at 10:00 am.

B. **Factors under 18 U.S.C. § 3553**

The government submits that the sentencing factors weigh in favor of a sentence at the high end of the guideline range. To wit:

1. <u>Nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1)).</u>

The nature and circumstances of this offense are very serious. Defendant, a prohibited felon, possessed seven (7) firearms and over 1000 rounds of ammunition, including an AR-15, in his residence. Six of the seven firearms were loaded. The search of his residence and cellular phone revealed Riggs' clear obsession with Nazi ideology, Adolf Hitler and mass shooters. His cellular phone displayed photographs and videos of Riggs posing with the AR-15 wearing a Nazi Swastika shirt. The video specifically depicts Riggs cocking the AR-15 and performing the Nazi "Heil Hitler salute".



Riggs has a criminal history notable for Aggravated Assault, Resisting Arrest, and DUI's. PSIR ¶¶ 33-37. Riggs also suffers from long-standing mental health disorders and a significant alcohol and drug abuse history. PSIR ¶¶ 47-49. All of these issues, taken together, make this defendant a clear and present danger to the community.

2. <u>The need for the sentence imposed to effect enumerated goals (18 U.S.C. § 3553(a)(2)).</u>

In considering the goals enumerated in § 3553(a)(2), it is most important that the

4

defendant's sentence reflect the seriousness of the offense and protect the public from further crimes by the defendant. It is essential that defendant's sentence afford adequate deterrence to future criminal conduct. As discussed above, defendant poses a very serious risk to the safety of the community.

    3. <u>The kinds of sentences available and the sentencing range established by the guidelines (18 U.S.C. §§ 3553(a)(3) and (4)).</u>

The sentencing guidelines call for a term of imprisonment of 33-41 months' imprisonment; however, the statutorily authorized maximum sentence is 10 years' incarceration. The government submits that the guidelines effectively address the factors which should be considered in fashioning an appropriate sentence in this case.

    4. <u>Any pertinent policy statement (18 U.S.C. § 3553(a)(5)).</u>

The government is unaware of any policy statement which would call for a non-guideline sentence.

    5. <u>The need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).</u>

Sentencing the defendant to a term of imprisonment at the high end of the guideline range would fulfill the goal of avoiding unwarranted sentence disparities.

    6. <u>The need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).</u>

There is no restitution in this case.

**C.** **<u>Forfeiture</u>**

The government seeks forfeiture of the firearms and ammunition in this case, as stated in the Plea Agreement.

### D. Conclusion

In consideration of all of the above, the government respectfully submits that a term of imprisonment at the high end of the guideline range is the appropriate sentence in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*s/ Jessica Lieber Smolar*
JESSICA LIEBER SMOLAR
Assistant United States Attorney
PA ID No. 65406